IN RE: JERRY MICHAEL HOLLANDER,      CIVIL ACTION No. 09-3355
JR., ET AL.

BANKRUPTCY   No. 04-14550

SECTION: "I"/5

## ORDER AND REASONS

Before the Court is an appeal of a memorandum opinion, judgment, and amended judgment issued by the United States Bankruptcy Court for the Eastern District of Louisiana ("Bankruptcy Court") filed by Robert Sigillito and Rhonda Sigillito (collectively "the Sigillitos"). For the following reasons, the amended judgment is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

## BACKGROUND

In March, 2002, Jerry Michael Hollander, Jr. and Sheila Story Hollander (collectively "the Hollanders") sold their Mandeville, Louisiana house to the Sigillitos for $540,000.00. In March, 2003, the Sigillitos filed a lawsuit in Louisiana state court against the Hollanders, seeking damages, attorney's fees and either reduction in the purchase price, payment for repair expenses, or rescission of the sale based upon redhibitory defects in the property that were not apparent to the Sigillitos at the time of the sale.[1] The

---

[1]Bankruptcy Action No. 04-1193, Rec. Doc. No. 1-1.

Sigillitos' petition alleged that within two weeks of moving into the house, they learned that the "wood floors were starting to cup" and they noticed mold and mildew throughout the house.[2] The Sigillitos' petition further alleged that the Hollanders "concealed major problems with the floors, foundation, and ventilation" and that the Hollanders failed to disclose a pending lawsuit that they had filed claiming defective design of the house, improper ventilation, and improper and defective installation of the wood floors.[3] The Sigillotos' claimed that they purchased the home as a result of the Hollanders' "lies and deception" on the property disclosure statement[4] and that they would not have purchased the property had they known of the extent of defects.[5]

In September, 2004, the Hollanders filed a Chapter 7 voluntary petition for bankruptcy.[6] The Sigillitos commenced an adversary proceeding, seeking to have their claim for damages pending in Louisiana state court excepted from discharge under 11 U.S.C. § 523(a)(2)(A) on the ground that the Hollanders obtained $540,000.00 from the Sigillitos under false pretenses, false representations

---

[2]*Id.* at para. 6.

[3]*Id.* at paras. 10, 11.

[4]*Id.* at p. 2, para. 12.

[5]*Id.* at p. 10, para. 19.

[6]Bankruptcy Action No. 04-14550, Rec. Doc. No. 1.

and/or actual fraud.[7] The Sigillitos' complaint to determine dischargeability alleged that the Hollanders had made several misstatements and misrepresentations regarding the property's condition and that the Hollanders failed to disclose numerous defects or vices. The complaint further incorporated the allegations made in the state court petitions.[8]

In a January 14, 2009 memorandum opinion, the Bankruptcy Court found that the house had a non-apparent defect due to improper ventilation of crawlspace which caused the wood floors to cup and mold to spread.[9] The Bankruptcy Court found the Hollanders liable under a redhibition theory and ordered them to pay the costs associated with remedying the defect.[10] The Bankruptcy Court, however, denied an award of attorney's fees and other damages, finding that the Hollanders did not know that the defect still existed at the time of the sale because they had "spared no expense in attempting to correct the problem."[11]

The Bankruptcy Court further concluded that the Sigillitos' claim was non-dischargeable in bankruptcy pursuant to § 523(a)(2)(A) because the claim was incurred as a result of false

---

[7] Bankruptcy Action No. 04-1193, Rec. Doc. No. 1, p. 2, para. 7.

[8] Rec. Doc. No. 1, p. 3.

[9] Rec. Doc. No. 103, pp. 10-15.

[10] *Id.* at p. 15.

[11] *Id.* at pp. 10, 17.

pretenses.[12] Specifically, the Bankruptcy Court found that although the Hollanders stated in a disclosure form that they had replaced the floors, they failed to disclose the full extent and nature of their prior flooring problems by omitting that they had replaced the floor joists, subfloor, ventilation fans and openings in the crawlspace. The Bankruptcy Court found that such failure to disclose was "misleading" and "designed to deceive."[13]

On January 14, 2009, the Bankruptcy Court issued a judgment reflecting its finding that the Sigillitos have a non-dischargeable claim against the Hollanders for $26,561.43.[14] The Sigillitos moved for reconsideration on the grounds that the Bankruptcy Court omitted certain repair expenses from its damage calculation and that the Bankruptcy Court failed to award attorney's fees, as

---

[12]*Id.* at pp. 19-22.
The Bankruptcy Code provides that a debt is non-dischargeable in bankruptcy if it is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent [the debt was] obtained by...false pretenses, a false representation, or actual fraud." 11 U.S.C. 523(a)(2)(A). "For a debt to be nondischargeable under section 523(a)(2)(A), the creditor must show (1) that the debtor made a representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance." *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005).
In an earlier case, the Fifth Circuit distinguished between actual fraud and false pretenses and representations. *Recoverledge L.P. v. Pentecost*, 44 F.3d 1284 (5th Cir. 1995). In *Recoverledge*, the Fifth Circuit identified the above-stated *Acosta* factors as pertaining to actual fraud. On the other hand, a debtor's representation amounts to a false representation or false pretense under § 523(a)(2)(A) if it was "(1)[a] knowing and fraudulent falsehood [], (2) describing past or current facts, (3) that [was] relied upon by the other party." *Id.* at 1292-93 (quoting *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992)). The Bankruptcy Court applied the elements as set forth in *Acosta*.

[13]*Id.* p. 20.

[14]Rec. Doc. No. 104.

provided by the Louisiana Civil Code, when a finding of fraud or redhibition is made. *See* La. Civ. Code arts. 1958,[15] 2545.[16] The Bankruptcy Court granted the motion in part, amending the judgment to include an additional repair cost award in the amount $1,863.00 in favor of the Sigellitos.[17] The Bankruptcy Court, however, denied the motion with respect to attorney's fees, concluding that the Sigillitos failed to plead a Louisiana cause of action for fraud and that the Sigillitos were not entitled to recover attorney's fees for redhibition because the Hollanders did not know of the defect at the time of the sale.[18]

The Sigillitos filed this appeal of the Bankruptcy Court's January 14, 2009 memorandum opinion and judgment and March 27, 2009 amended judgment. The Sigillitos contend that the Bankruptcy Court correctly determined that their claim is non-dischargeable under § 523(a)(2)(A). They argue, however, that the Bankruptcy Court erred in not awarding attorney's fees and damages because the Bankruptcy

---

[15]"The party against whom rescission is granted because of fraud is liable for damages and attorney fees." La Civ. Code art. 1958.

[16]Article 2545 provides:
> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees.

[17]Rec. Doc. No. 114.

[18]Rec. Doc. No. 113, pp. 4-6.

Court's finding under § 523 was tantamount to a finding of fraud under Louisiana law. The Sigillitos also argue that the Bankruptcy Court erred in finding that the Hollanders did not know of the continued existence of the defects and that they are entitled to attorney's fees and damages for bad faith redhibiton. Finally, the Sigillitos contend that the Bankruptcy Court judge engaged in improper questioning of witnesses at trial, creating a bias in favor of the Hollanders.

**LAW AND ANALYSIS**

### I. STANDARD OF REVIEW

The standard of review applicable to a bankruptcy appeal is the same as that applicable to a court of appeal's review of district court proceedings. *See* 28 U.S.C. § 158(c)(2). Conclusions of law are reviewed *de novo*. *See In re National Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." *Id.; see also* Bankruptcy Rule 8013.

### II. FRAUD UNDER LOUISIANA LAW

The Sigillitos contend that the Bankruptcy Court should have awarded attorney's fees and damages in light of its finding that the Hollander's failure to disclose was "misleading" and "designed to deceive." The Bankruptcy Court rejected this argument, concluding that the Sigillitos "confused the Court's finding that their debt is non-dischargeable under 11 USC Section 523(a)(2) as

6

a finding of fraud."[19] The Bankruptcy Court explained that "a finding under Section 523 is not the equivalent of a finding of the state law finding of fraud."[20] Further, the Bankruptcy Court stated that it did not determine whether there was fraud under the Louisiana Civil Code because the Sigillitos did not plead a fraud cause of action under Louisiana law.[21]

Louisiana law defines fraud as "a misrepresentation or a suppression of the truth made with the intent either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code Ann. art. 1953 (2008). "Fraud may also result from silence or inaction." *Id.; see also Bunge Corp. v. GATX Corp.*, 557 So. 2d 1376, 1383 (La. 1990). The Louisiana Supreme Court has recognized that a plaintiff must show the following when claiming fraud under a contract: "(1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unfair advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract." *Shelton v. Standard/700 Assocs.*, 798

---

[19]Rec. Doc. No. 113, p. 5.

[20]*Id.*

[21]The Sigillitos contend that the Bankruptcy Court "necessarily found that a cause of action for fraud [was] pled" when it previously rejected the Hollander's motion for summary judgment. The Hollanders' motion for summary judgment, which argued that plaintiffs have not alleged any fraud, false pretense, or false representation with particularity, focused on § 523.

So. 2d 60, 64 (La. 2001).

Federal law requires a plaintiff to plead the circumstances constituting fraud with particularity, regardless of whether the plaintiff pleads fraud under state law or pursuant to the Bankruptcy Code. Fed. R. Civ. P. 9(b); *see* Fed. Rules Bankr. P. R. 7009 (stating that Rule 9(b) of the Federal Rules of Civil Procedure applies in adversary proceedings).[22] The United States Court of Appeals for the Fifth Circuit has explained that Rule 9(b) "requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997); *see Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992))("At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1297, at 590 (1990))). In other words, "the who, what, when, and where must be laid out...." *Id.* at 178.

The complaint filed by the Sigillitos in the bankruptcy proceedings did not itself set forth particular circumstances

---

[22]The Louisiana Code of Civil Procedure similarly requires a plaintiff to allege the circumstances constituting fraud with particularity. La. Code Civ. P. art. 856.

sufficient to constitute fraud. The complaint, which is titled

"Complaint To Determine Dischargeability Of Debt," alleged that

there were numerous defects and that the Hollanders "had made

substantial and significant misstatements and misrepresentation

with respect to the condition of the property at the time of the

sale and omitted or failed to disclose numerous known defects or

vices."[23] The complaint further alleged that the Sigillitos learned

after the sale that the Hollanders had filed a lawsuit against

multiple defendants for many of the alleged defects.[24]

The Sigillitos' complaint also incorporated by reference the

allegations set forth in their state court petition and amended

petition, which were attached to the complaint.[25] A court must

consider a complaint in its entirety, including documents

incorporated into the complaint by reference. *See Tellabs, Inc. v.*

*Makor Issues & Rights, LTD.*, 551 U.S. 308, 322, 127 S. Ct. 2499,

2509, 168 L. Ed. 2d 179 (2007).

The Sigillitos' state court petition set forth the Hollanders'

specific responses to questions on a property disclosure form and

alleged that the parties entered into the cash sale as a result of

the disclosure statement.[26] The petition also alleged that in

---

[23]Rec. Doc. No. 1, p. 3, para. 8.

[24]*Id.*

[25]*Id.* at para. 9.

[26]Rec. Doc. No. 1-1, paras. 3, 5.

November, 2002, the Sigillitos learned that the Hollanders "had concealed major problems with the floors, foundations and ventilation" and that the Hollanders had a pending lawsuit against multiple defendants for the floor problems."[27] The petition claimed that the Sigillitos later learned that the Hollanders had replaced the floors because of the severe buckling and decay of floor joists and that the Hollanders had the floors cleaned to remove all trace of mold problems and "then lied on the disclosure statement."[28] The Sigillitos' petition further claimed that "[a]s a result of defendants' lies and deception regarding the problems they had with the foundation and floors, plaintiffs purchased a home with hidden defects, that had they known about, would not have purchased the property at all or not for the amount paid."[29] In their amended petition, the Sigillitos alleged, "In addition to Defendants failure to make proper disclosure of all the previously existing defects and of their attempts to repair and/or conceal the same, following the sale when the defects began to become apparent to Petitioners, the Defendants engaged in a pattern of deception and misinformation...."[30]

---

[27]*Id.* at para. 10.

[28]*Id.* at para. 14.

[29]*Id.* at para. 12.

[30]*Id.* at p. 10, para. 21. The Sigillitos' original petition alleged that the Hollanders denied knowledge of the cupping of the wood floors in response to the Sigillitos' specific questions after the sale, insisting that there were never problems with moisture below the floors and "that the original

Notwithstanding the fact that the petition does not use the word, "fraud" or cite article 1953, the factual allegations satisfy the particularity requirement and put the defendants on notice of the Sigillitos' fraud claim. *See Jumonville v. Fed. Home Loan Mortgage* Corp., No. 04-2295, 2005 WL 1431505, at *6 (E.D. La. June 10, 2005)(Duval, J.)(finding that a complaint's allegations that defendants "knew or should have known of the vices and defects of said home and did not inform the plaintiff of the same" were sufficient to sustain a claim of fraud even though "fraud" was not expressly pled); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)("Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used).")(internal quotation marks omitted); 5A Wright & Miller, Federal Practice and Procedure § 1298, at 242-48 (3d ed. 2004).[31]

The difficulty faced by the Bankruptcy Court with respect to

---

floors were replaced for only cosmetic reasons." *Id.* at p. 2, para. 9. The Sigillitos alleged, "At all times defendants Sheila and Jerry Hollander were assuring plaintiffs there was never a problem with moisture build up or the floors in the house, they were suing for defects of this nature...." *Id.* at para. 11.

[31]Louisiana law also does not require a plaintiff to specifically state the word, "fraud" in a petition. *Helwick v. Montgomery Ventures LTD., L.C.*, 665 So. 2d 1303, 1306 (La. Ct. App. 4th Cir. 1995)("We are aware that the word "fraud" is not used in plaintiffs' petition, but art. 856 does not mandate the use of that word in the petition."). In *Helwick*, the Louisiana Fourth Circuit Court of Appeal found that the plaintiffs' petition satisfied the particularity requirement based on allegations that the defendant knew or had to know of the defects, allegations of the specific misrepresentation, and allegations that plaintiffs relied upon the misrepresentation when taking title. *Id.*

resolving the fraud pleading issue was exacerbated by the fact that the petition appeared to focus on redhibition and the Sigillitos' fraud claim arose out of nearly the same facts as their bad faith redhibition claim.[32] Additionally, the Sigillitos' post-trial memorandum mostly focused on the Sigillitos' § 523 claim.[33] In other words, counsel did not clarify his clients' position as well as could be expected.

Notwithstanding, the incorporated allegations lead this Court to conclude that the Sigillitos did sufficiently state a claim for fraud under Louisiana law. Reinforcing this Court's decision is the fact that the proposed pretrial order submitted to the Bankruptcy Court specifically addresses the Sigillitos' state law fraud claim.[34] Accordingly, this case will be remanded to the Bankruptcy Court so that it may determine whether the Sigillitos have proven their claim for fraud under Louisiana law and whether they would be entitled to recover attorney's fees under article 1958. The Court, however, expresses no view as to whether the Sigillitos have

---

[32]The Fourth Circuit has noted, "Fraud is more broadly defined in redhibition than it appears from Civil Code article 1953." *Id.* at p. 1306.

[33]Rec. Doc. No. 102.

[34]For instance, in the "Uncontested Conclusions of Law" section, the parties provided article 1953's definition of fraud. Rec. Doc. No. 75, p. 8, para. 5. The following issues were included in the "Contested Conclusions of Law" section: "[w]hether or not the failure to disclose the HOLLANDERS' prior litigation and prior repairs/work to the House on the Property Disclosure Statement Addendum dated October 3, 2001 constitutes fraud under 11 U.S.C. § 523(a) and under Louisiana Law" and "[w]hether or not the consent of the SIGILLITOS may be vitiated if it is proven that there was fraud on behalf of the HOLLANDERS." *Id.* at pp. 9-10, paras. 2,7,12.

established their claim for state law fraud or whether the Sigillitos would be entitled to attorney's fees under Louisiana law.[35]

## III. **BAD FAITH REDHIBITION**

As discussed above, the Bankruptcy Court determined that the Sigillitos could recover $28,424.43 in repair expenses as a result of a non-apparent, redhibitory defect in the house. The Sigillitos contend that the Bankruptcy Court erred by not awarding them attorney's fees and damages due to the Hollanders' failure to disclose the defect, particularly in light of the Bankruptcy Court's finding that the Hollanders knew that their prior problems were caused by improper ventilation and that their failure to disclose was designed to deceive.

Louisiana law permits the rescission of a sale when a non-apparent defect renders property either useless or so inconvenient that it must be presumed that the buyer would not have purchased the property had he known of the defect. La. Civ. Code arts. 2520,

---

[35]The only exhibit offered with respect to attorney's fees was a summary of expenses identified as Exhibit 43. The Bankruptcy Court admitted this exhibit into evidence after trial. Rec. Doc. No. 103; *see also* Rec. Doc. No. 76, Rec. Doc. No. 94. Although there was testimony regarding other expenses summarized in Exhibit 43, this Court was unable to locate any testimony regarding attorney's fees.

The Court notes that attorney's fees might not be appropriate if the contract is not rescinded due to fraud. *See Foley & Lardner, L.L.P. v. Aldar Investments, Inc.*, 491 F. Supp. 2d 595, 608 (M.D. La. 2007)(finding attorney's fees unwarranted where the plaintiff sought to enforce a contract rather than rescind it); *Coates v. Anco Insulations, Inc.*, 786 So. 2d 749, 756 (La. Ct. App. 4th Cir. 2001).

2521.[36] A buyer may also obtain a reduction in the purchase price when a non-apparent defect, although not rendering the property totally useless, diminishes the usefulness or value of the property so that it must be presumed that the buyer would have bought it, but for a lesser price. *Id.* "In an action for rescission because of a redhibitory defect the court may limit the remedy of the buyer to a reduction of the price. La. Civ. Code art. 2541; *Fisher v. Batista*, 968 So. 2d 337, 339 (La. Ct. App. 2d Cir. 2007); *Lafleur v. Desormeaux*, 692 So. 2d 617, 620 (La. Ct. App. 3d Cir. 1997). When calculating the reduction in price, the cost of repairing a defect is the principal consideration. *Kent v. Cobb*, 811 So. 2d 1206, 1218 (La. Ct. App. 2d Cir. 2002).

Whether attorney's fees and damages are recoverable depends on the seller. *Kent*, 811 So. 2d at 1215. A bad faith seller who knew of a defect and failed to disclose it is additionally liable for damages and attorney's fees. *Fisher*, 968 So. 2d at 342 (citing La. Civ. Code art. 2545); *LaFleur*, 692 So. 2d at 620.

The Bankruptcy Court's finding that the Hollanders did not know of the defect at the time of the sale was not clearly erroneous as the Sigillitos contend. The evidence demonstrates that the Hollanders attempted to rid their house of the defect. After an

---

[36] "Apparent defects, which the buyer can discover through a simple inspection, are excluded from the seller's legal warranty. A defect is apparent if a reasonably prudent buyer, acting under similar circumstances, would discover it through a simple inspection of the property." *David v. Thibodeaux*, 916 So. 2d 214, 217 (La. Ct. App. 1st Cir. 2005)(citing La. Civ. Code art. 2521).

engineer, Leonard Quick ("Quick"), identified the cause of the flooring problems as "moisture from the subfloor within the crawl space,"[37] the Hollanders hired a contractor to repair the flooring system by removing insulation, replacing the joists and the subfloor, and spraying a microbial agent.[38] Quick advised Mrs. Hollander that if the damaged materials were removed, there would be no more defect.[39] Upon the advice of professionals, the Hollanders had the insulation removed, they had ventilation fans placed underneath the house, and they took other measures to allow for cross-ventilation.[40] In response to Quick's recommendation to consult with a professional designer to assure that the same condition did not occur to the replaced flooring system, the Hollanders contacted a national wood flooring association on multiple occasions.[41] The Hollanders obtained the association's guidelines and used them as their "bible" in reconstructing the flooring system.[42]

---

[37]Exhibit 7, p. 13.

[38]Rec. Doc. No. 90, pp. 234-35, 254-57.

[39]Rec. Doc. No. 88, p. 139. The Court recognizes that Quick testified that his opinion was limited to the floor and that he did not address the poor ventilation. *Id.* at 160. However, Mrs. Hollander also testified to her lack of knowledge of construction and design. Rec. Doc. No. 90, p. 268.

[40]*Id.* at p. 307. The Sigillitos' inspector reported, "With the exception of the felt over the ventilation opening, the steps taken to correct the problem are in line with those generally recommended." Exhibit 31, p. 4.

[41]*Id.* at p. 258.

[42]*Id.* at pp. 258-261, 306; Exhibit 11.

It was not clearly erroneous for the Bankruptcy Court to find that the Hollanders believed in good faith that the defect was remedied by their repair efforts. Courts have recognized "that the mere knowledge of a redhibitory defect prior to the sale does not automatically cause the seller to be liable for attorney's fees under C.C. Art. 2545 if his actions taken prior to the sale to remedy the defects were reasonable and he was in good faith in believing that the defect was cured." *Prat v. Heymann*, 410 So. 2d 343, 348 (La. Ct. App. 4th Cir. 1982);[43] *see, e.g., Dodson v. Walker*, 645 So. 2d 1153, 1155 (La. Ct. App. 1st Cir. 1994); *Busenlener v. Peck*, 316 So. 2d 27, 32 (La. Ct App. 1st Cir. 1975)(holding that "[t]he fact that the defendant had knowledge of the defect prior to the sale did not cause him to be liable for attorney's fees under Article 2545" because he had taken reasonable actions to remedy the defect and believed in good faith that the defect was cured.); *Slay v. Ater*, 305 So. 2d 691, 695 (La. Ct. App. 3d Cir. 1974)(holding that attorney's fees were not recoverable where there was no evidence that seller could not have reasonably believed that a truck was completely repaired); *Cf. Cornelius v. Bailey Lincoln-Mercury, Inc.*, 566 So. 2d 85, 89 (La. Ct. App. 4th Cir. 1990)(holding that there is not an "unqualified obligation" to inform a buyer of repairs, but that the seller was liable for

---

[43]In *Prat*, the court found that the seller should have known that the defect was not cured based on its recurring nature. 410 So. 2d at 348.

attorney's fees where problems persisted after repair).

This Court also concludes that the Bankruptcy Court's finding that the Hollanders did not know that the defect still existed at the time of the sale is not necessarily at odds with the Bankruptcy Court's finding that the Hollanders misled the Sigillitos by failing to disclose the full extent of alterations made. The Bankruptcy Court did not find that the Hollanders failed to disclose a defect that they knew existed when they sold the house, instead finding that the Hollanders failed to disclose their prior flooring problems. These findings are independent of each other. The fact that the Hollanders knew that they had prior flooring and ventilation problems does not necessarily mean that they could not have also believed that they had rid the house of the defect by the time they sold the house.

The Bankruptcy Court was also not clearly erroneous in its assessment of repair costs. The Bankruptcy Court awarded the Sigillitos the actual amount that they spent to install an AC/dehumidifier in the crawlspace, $26,561.43, as opposed to the $69,925.00 estimate prepared by the Sigillitos' expert.[44] The

---

[44]At the hearing on the motion for reconsideration, the Bankruptcy Court stated:

> The Sigillitos actually installed dehumidifiers in the crawlspace for $26,561.43. This damage was already awarded. The Court notes that the proven repair is considerably less than the $69,925 that they now claim they are due. The record does not support the higher request nor does it explain why the repairs already made were insufficient. As a result, the Court awarded the actual cost of installing the dehumidifiers rather than Mr. Blanchette's estimate.

Rec. Doc. No. 113, p. 7.

Sigillitos moved for reconsideration after trial, claiming that the dehumidifiers failed "[j]ust this week."[45]

The Federal Rules of Civil Procedure[46] permit a party to move for new trial on the ground of newly discovered evidence, but only for "evidence of facts existing at the time of the original trial." *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1358 (5th Cir. 1988). Otherwise, if a party moved to reopen the litigation based on post-trial events, there would be no end to the litigation as the Bankruptcy Court recognized.[47] *See NLRB v. Jacob E. Decker &*

---

[45]Trial concluded in August, 2008 and the parties submitted post-trial briefing in October, 2008. On January 14, 2009, the Bankruptcy Court issued the judgment and the Sigillitos moved for reconsideration on January 26, 2009. Accordingly, the dehumidifiers allegedly failed nearly five months after trial.

[46]The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. Nonetheless, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon*, No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). If a motion for reconsideration is filed within ten days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after ten days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir. 1986)). The Bankruptcy Court applied Rule 59.

[47]The Bankruptcy Court stated:
> Finally, the Sigillitos claim that after trial they discovered that the dehumidifiers under the house and in the attic needed to be replaced. Evidence of this was not submitted at the trial and the Sigillitos have offered no reason why the record should be reopened to provide for additional evidence. The parties had every opportunity to conduct discovery, hire and present experts, as well as offering the evidence at trial. The trial was conducted over four days and multiple witnesses were heard. The case was then closed. The parties requested and were given additional time for post-trial briefing and a decision was rendered.
>
> The Court has no doubt that the Sigillitos could in hindsight offer additional or different proof, but there must be an end to litigation at some point. The Court sees

*Sons*, 569 F.2d 357, 364 (5th Cir. 1978); *Washington v. United States*, 214 F.2d 33, 46 (9th Cir. 1954)("The policy of law in having an end to litigation, would in most instances prevent the reopening of a case because of after-occurring events.").[48]

Nor can this Court conclude that it was clear error for the Bankruptcy Court to deny the Sigillitos' claim for $21,100.00 to refinish the floors and repair the walls following inadequate repairs by the Hollanders. The Bankruptcy Court evaluated the credibility of the Sigillitos, finding their testimony to be non-specific and "overblown."[49] The Bankruptcy Court noted that despite the Sigillitos' claim that the walls, closets, and cabinets were covered in mold in 2002, the Sigillitos had not conducted much of this repair work by the 2008 trial. The Sigillitos did, however, conduct remodeling and expansion. This Court cannot conclude that the Bankruptcy Court's determination as to necessary repairs, made after listening to days of testimony, is clearly erroneous.[50]

---

no reason to reopen the evidence given the time and attention this matter has received to date.
Rec. Doc. No. 113, p. 9.
This Court also notes that when the Sigillitos moved for reconsideration, they did not offer evidence of the failed dehumidifiers or the amount to replace the dehumidifiers that they installed.

[48]The Ninth Circuit has recognized an exception "where substantial justice requires reopening and when the after-occurring event is of major importance in its impact on the case." *Washington*, 214 F.2d at 46-47.

[49]Rec. Doc. No. 113, p. 7.

[50]Upon motion for reconsideration, the Bankruptcy Court amended the judgment, adding an additional $1,863.00 to cover the cost paid to a mold remediation company. Rec. Doc. No. 113, pp. 10-11.

**IV. <u>IMPROPER QUESTIONING</u>**

Finally, the Sigillitos contend that the Bankruptcy Court abused its discretion by improperly interrupting or questioning witnesses. The Sigillitos argue that an unfair bias was created in favor of the Hollanders when the judge interrupted Mrs. Hollander's testimony and counsel's attempts to impeach Mrs. Hollander.

The Sigillitos correctly recognize that a trial judge has discretion to participate in a trial so long as the judge remains objective and impartial. *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 425 (5th Cir. 1990)("[The judge] has the right and the duty to comment on the evidence to ensure a fair trial."); *Curd v. Todd-Johnson Dry Docks, Inc.*, 213 F.2d 864, 866 (5th Cir. 1954). A judge "may question witnesses, elicit facts, clarify evidence and pace the trial." *Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382, 391 (5th Cir. 1985); *Johnson*, 892 F.2d at 425 ("[The judge] has the right and the duty to comment on the evidence to ensure a fair trial.").

If an objection was not made at trial, a reversal is only proper when there has been plain error. *Johnson*, 892 F.2d at 425. "[T]o be reviewable under this standard an obvious legal error must affect substantial rights...[P]lain forefeited errors affecting substantial rights should be corrected on appeal only if they 'seriously affect the fairness, integrity, or public reputation of judicial proceedings.'" *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d

567, 579 (5th Cir. 2001).

The Court cannot conclude that the Bankruptcy Judge abused her discretion. It appears that in the instances cited by the Sigillitos, the judge was attempting to clarify the record, recall prior testimony, or move the trial along. The Court finds no apparent indication that the judge showed bias toward one party over the other. Most importantly, the risk of prejudice was minimal given that there was no jury. *Cranberg*, 756 F.2d at 392 ("Greater latitude should be allowed in the conduct of a bench trial than would be permitted in a trial conducted with a jury.") Accordingly, the Sigillitos have not demonstrated how any questions or comments by the judge affected their substantial rights at trial.

<u>**CONCLUSION**</u>

For the foregoing reasons,

**IT IS ORDERED** that the amended judgment is **AFFIRMED IN PART, VACATED IN PART** and **REMANDED FOR FURTHER PROCEEDINGS** as set forth in this opinion.

New Orleans, Louisiana, August ___24th___, 2009.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**